```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.13-21779-CIV-MORENO
                              MAGISTRATE JUDGE P.A. WHITE

EDWIN ESTEVEZ,                  :

       Petitioner,              :

v.                              :        REPORT OF
                                         MAGISTRATE JUDGE
STATE OF FLORIDA,               :

       Respondent.              :
_____
```

    This Cause is before the Court upon the pro-se petitioner's Habeas Corpus Petition filed pursuant to 28 U.S.C. §2241. The petitioner is essentially seeking release from his Department of Homeland Security (DHS) custody at Krome Detention Center.

    The petitioner has named the State of Florida as the respondent, and claims he was convicted of a drug offense in 2002 and was sentenced to one day. Petitioner raises claims which challenge that conviction. Because Estevez is no longer "in custody" on the expired state sentence, he cannot bring a federal habeas corpus action solely attacking the expired sentence. See: Means v. Alabama, 209 F.3d 1241 (11 Cir. 2000).

    One of his claims challenges deportation. The government has filed a response to the Order to Show Cause. The petitioner was detained by the Department of Homeland Security on October 1, 2012. The petitioner was found subject to removal pursuant to 8 U.S.C. §1227(a)(1)(B) and 1227 (a)(2)(B)(i) for remaining in the country longer than permitted and for having been convicted of a drug offense. He was issued an Order of removal to Honduras.

    To the extent that the petitioner is challenging this removal order, the District Court must dismiss for lack of jurisdiction.

On May 11, 2005, Congress enacted PL 109-13, Sec. 106 entitled "Judicial Review of Orders of Removal," which provides that the Court of Appeals shall be the exclusive means of review for final orders of removal, exclusion or deportation. Any petition pending in district court on the date of enactment shall be transferred to the Court of Appeals. If the petitioner is challenging the propriety of the order of removal entered against him, not the length of his detention by the Department of Homeland Security, such review must be taken in the Court of Appeals.

It is therefore recommended that the petition for writ of habeas corpus be dismissed.

Objections to this Report may be filed with the United States District Judge within fourteen days following receipt.

Dated at Miami, Florida, this 1st day of August, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Edwin Estevez, Pro-Se
     Krome Detention Center
     Address of record


     Milton Aponte, AUSA
     Attorney of record

     Carolyn Mosley, AAG
     Attorney of record